WOLLINGTON v. MISSOURI, K. & T. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. April 21, 1908.)

No. 2,666.

MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—ASSUMED RISK.

Plaintiff, a servant, was injured by the fall of a derrick, the mast of which was insecurely bolted to the bedplate. Such defect was plainly observable, and plaintiff, who had worked with the derrick for two or three months, had actual knowledge thereof, and that the derrick had been condemned by defendant as unsafe, after which plaintiff had participated in its restoration to use in its defective condition and continued to work with it without objection until it fell. Held, that plaintiff assumed the risk of injury therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 574-600.

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the Circuit Court of the United States for the Western District of Missouri.

C. C. Lawson and Silver & Brown, for plaintiff in error.

Geo. P. B. Jackson, for defendant in error.

Before SANBORN and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This was an action for damages occasioned by defendant's alleged negligence in furnishing a derrick for plaintiff and his co-employés to work with. It is charged that the mast of the derrick was insecurely bolted to the bedplate on which it rested, that in other respects the derrick was not sufficiently strong to handle the heavy weights required of it and that as a result it fell and injured the plaintiff. The evidence is clear and uncontradicted that the alleged defects were plainly observable by every one, and that plaintiff, who had worked with the derrick for two or three months, actually knew of them. He was aware that the derrick had been condemned by defendant at one time as unfit and unsafe for use, participated in its restoration to use in its defective condition, and afterwards continued to work with it without objection or complaint until it fell as a result of that condition and injured him. These facts present a clear case of assumption of risk by the servant. Kirkpatrick v. St. Louis & San Francisco Railroad Co. (C. C. A.) 159 Fed. 855, recently decided.

For the purpose of this opinion it is assumed that the negligence charged against the defendant was fully established. Accordingly, the exclusion of some expert testimony, offered by plaintiff to establish that negligence, which is assigned for error, whether right or wrong, was without prejudice to plaintiff. Conceding defendant's negligence as charged, plaintiff, with full knowledge thereof, assumed the risk of the danger resulting therefrom.

The judgment is affirmed.

SANBORN, Circuit Judge, concurs on the grounds that the plaintiff assumed the risk and that the expert testimony offered was rightly excluded.